UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DUANE A. PENSHORN, M.D.,

        Plaintiff,

                              Case Number 09-11251-BC
v.                                Honorable Thomas L. Ludington

SCHEURER HOSPITAL, *et al.*,

        Defendants.
_____ /

## ORDER DISMISSING ORDER TO SHOW CAUSE AND DISMISSING COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION

On April 3, 2009, Plaintiff filed a complaint before this Court, alleging breach of contract and violation of Michigan's Whistleblower Protection Act ("WPA"), codified at Mich. Comp. Laws § 15.362. Dkt. # 1. The complaint asserts that this Court's subject matter jurisdiction is predicated on the diversity of the parties' citizenship. Dkt. # 1 at ¶ 6 (citing 28 U.S.C. § 1332). In support of that proposition, the complaint alleges that Plaintiff is a "resident" of Texas and that Defendants reside in Michigan. *Id.* at ¶¶ 2-4.

Previously, Plaintiff filed a similar complaint that advanced breach of contract and WPA claims against Defendants. *See* case 08-10626. In that complaint, Plaintiff also alleged a violation of the False Claims Act ("FCA"), codified at 31 U.S.C. § 3730. Case 08-10626, dkt. # 1 That federal cause of action conferred original jurisdiction on this Court pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the claims arising under Michigan law pursuant to 28 U.S.C. § 1367(a). *Id.* at ¶ 6. The complaint alleged that Plaintiff was a resident of Michigan. *Id.* at ¶ 1.

In that case, Defendants moved for summary judgment, which the Court granted in part. The Court concluded that the record did not reflect a prima facie claim for a violation of FCA –

Plaintiff's only claim under federal law. Case 08-10626, dkt. # 38 at 9-10. The Court declined to exercise pendant jurisdiction over Plaintiff's remaining state-law claims and dismissed the balance of the complaint for lack of subject matter jurisdiction. *Id.* at 10-11; *see* 28 U.S.C. § 1367(c)(3).

Consequently, on June 4, 2009, the Court ordered Plaintiff to show cause why the instant complaint should not be dismissed for lack of subject matter jurisdiction. Dkt. # 11. While the instant complaint asserts that the requirements of diversity jurisdiction are met, the Court noted that the complaint in the preceding case asserted that all parties were citizens of Michigan for diversity purposes. The Court directed the parties to address whether the instant complaint was bound to allegations relating to subject matter jurisdiction in the preceding complaint. Plaintiff and Defendant responded to the order to show cause. Dkt. # 13, 14. After consideration of the pleadings and relevant authority, the Court will **DISMISS** the complaint for lack of subject matter jurisdiction because the Court's earlier decision regarding subject matter jurisdiction over the complaint precludes review of that issue. *See Shockley v. Jones*, 823 F.2d 1068, 1073 (7th Cir. 1987).

"[F]ederal courts have an independent obligation to investigate and police the boundaries of their own jurisdiction . . . ." *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d 604, 607 (6th Cir. 1998). "It is well settled that as a matter of statutory construction, diversity of citizenship requires complete diversity between all plaintiffs on one side and all defendants on the other side." *Glancy v. Taubman Ctr., Inc.*, 373 F.3d 656 (6th Cir. 2004) (citing *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996)).

"It is well settled . . . that federal-diversity jurisdiction depends on the citizenship of the parties at the time suit is filed." *Dole Food Co. v. Patrickson*, 538 U.S. 468, 478 (2003). Diversity jurisdiction is generally determined at the time of the filing of a lawsuit. *Curry v. U.S. Bulk Transp.,*

*Inc.*, 462 F.3d 536, 540 (6th Cir. 2006) (citing *Smith v. Sperling*, 354 U.S. 91, 93 & n. 1 (1957)). "[A]n amendment to allege diversity jurisdiction relates back under [Fed. R. Civ. P.15], and therefore [a court assesses a party's] citizenship at the time the complaint was first filed." *See LeBlanc v. Cleveland*, 248 F.3d 95, 99-100 (2d Cir. 2001); *see also Berkshire Fashions, Inc. v. M.V. Hakusan II*, 954 F.2d 874, 887 (3d Cir. 1992) ("Relation back to the date of the original filing applies even when the amendment states a new basis for subject matter jurisdiction."). Certainly, Plaintiff would have been precluded from amending the complaint to advance different jurisdictional allegations in case 08-10626 to establish the diversity of the parties.

As Plaintiff emphasizes, however, Plaintiff did not amend the complaint in 08-10626; rather, Plaintiff initiated a new action altogether. Indeed, a cursory review of the complaints reveals that Plaintiff advances identical claims predicated on the same factual basis against common defendants. Plaintiff contends that a party may file a complaint before a court that previously dismissed a complaint without prejudice. Dkt. # 13 at 3 (citing *Semtek Intern. Inc. v. Lockhead Martin Corp.*, 531 U.S. 497, 506 (2001) (addressing "whether the claim-preclusive effect of a federal judgment dismissing a diversity action on statute-of-limitations grounds is determined by the law of the State in which the federal court sits")). The Court agrees with this general proposition.

Moreover, dismissal for lack of subject matter jurisdiction is not a decision on the merits. *Pratt v. Ventas, Inc.*, 365 F.3d 514, 522-23 (6th Cir. 2004) (citation omitted); *see also* James Wm. Moore, Moore's Federal Practice 3d § 12.30[2] (2006) (citing *Shockley v. Jones*, 823 F.2d 1068, 1073 (7th Cir. 1987)). In other words, a defect with a court's subject matter jurisdiction over a claim does not preclude a party from later advancement of that claim in the appropriate court. *Id.* Notwithstanding that conclusion, the determination of a court's subject matter jurisdiction does have

res judicata effect with respect to that question of jurisdiction. *Shockley*, 823 F.2d at 1073 (quoting *Winslow v. Walters*, 815 F.2d 1114, 1116 (7th Cir. 1987) (citing *Baldwin v. Iowa State Traveling Men's Assoc.*, 283 U.S. 522 (1931))); *see also Pratt,* 365 F.3d at 521; *see also* Moore at 12.20[2] n.7 (recognizing that dismissal on subject matter jurisdiction precludes relitigation of the "precise jurisdictional issue decided"); *see also Coors Brewing Co. v. Mendez-Torres*, 562 F.3d 3, 9 (1st Cir. 2009) (recognizing "dismissal for lack of subject matter jurisdiction precludes relitigation of the issues determined in ruling on the jurisdictional question") (citation omitted); *see also Whittington v. United States*, 607 F. Supp. 2d 43, 46-47 (D.D.C. 2009); *see also Lowe v. United States*, 79 Fed. Cl. 218, 229 (Fed. Cl. 2007).

While the instant complaint advances allegations that facially satisfy the requirements of diversity jurisdiction, Plaintiff is precluded from attempting to litigate the Court's subject matter jurisdiction over Plaintiff's claims for a second time. As master of his own complaint, Plaintiff previously alleged that this Court's subject matter jurisdiction was predicated on federal question jurisdiction. Relying on the previous complaint, the Court determined it retained subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331. After dismissing Plaintiff's claim arising under federal law, the Court declined to exercise subject matter jurisdiction over Plaintiff's claims arising under state law. *See* 28 U.S.C. § 1367(c)(3). Consequently, res judicata prohibits the issue of subject matter jurisdiction to be revisited by the Court and the complaint will be dismissed.

Accordingly, it is **ORDERED** that Plaintiff's complaint [Dkt. # 1] is **DISMISSED** for lack of subject matter jurisdiction.

It is further **ORDERED** that the June 4, 2009 Order to Show Cause is **DISMISSED**.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: July 23, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 23, 2009.

s/Tracy A. Jacobs  
TRACY A. JACOBS

---